IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**

**Plaintiff**

         v.                                    **CRIMINAL NO. 10-355 (DRD)**

**RAUL VEGA-SOSA (08)**

**Defendant**

_____

**MOTION REQUESTING RECONSIDERATION OF DENIAL OF BAIL**

HON. BRUCE McGIVEREN
U.S. MAGISTRATE JUDGE
TO THE HONORABLE COURT:

COMES NOW, defendant RAUL VEGA -SOSA, through undersigned Counsel and very respectfully submits the following:

1. On October 6, 2010, Raúl Vega- Sosa was arrested by federal agents pursuant to an arrest warrant issued by the Court after a Grand Jury issued a true bill for his arrest. Defendant was brought before the Court that day and temporarily detained pending a detention hearing.

2. On October 12, 2010, a detention hearing was held before United States Magistrate Judge Bruce McGiveren. The Probation Office report recommended

    detention without bail based on dangerousness and factors having to do with defendants' employment as a state police officer. Selected portions of a prosecution video were shown along with an explanation by the Prosecutor of what we were allegedly seeing. No audio was played with the images.

3. After watching the video, the Magistrate Jude issued a ruling denying bail based on the following: "*There is a serious risk that defendant will endanger the safety of another person or the community*".

4. Based on the portions of the video, a finding was issued that "*clear and convincing evidence*" established that detention was warranted by the "*nature of the charged offenses; occupation a law enforcement officer; background in handling weapons; prior complaint of assault on a fellow officer; video evidence of defendant carrying firearm during drug transaction; and strength of evidence against defendant* "

5. I will now list the factors that relate to the history and characteristics of the person, 18 UCC 3142 (g) (3), that clearly indicate bail should be granted:

    - Mr. Vega is a lifelong resident of Arecibo, PR;
    - he has extensive family ties as well as roots in his community;
    - defendant is married to Rosa Casablanca and has a daughter named Eiliana;
    - he has been gainfully employed since 1979 , working in a shoe factory from (1979 to 1990;
    - in 1992, he was hired by the Police of Puerto Rico and worked there until the day of his arrest;

- he has no criminal record or record of arrests;

- his administrative record at the Police shows no sanctions or suspensions from employment;

- he has no history of drug or alcohol abuse;

- urinalysis was negative for drugs;

- he has no foreign ties or history of travel abroad;

- he has an excellent history of court appearances related to his work;

- he was not on probation at the time of his arrest;

- there are no sentences pending or trials pending against him;

- he has no history of violence or posing a danger to anyone in the past;

- he has no history of mental problems;

- and he files his income tax returns on time.

6. We now address the Courts reasons for detaining him without bail. As to an alleged "*prior complaint of assault on a fellow officer* ", Mr. Vega's administrative record shows otherwise; complaints against him have resulted in one admonition (amonestación); two orientations (not considered a sanction); and a dismissed complaint. His record, as summarized by the Probation officer, shows no suspension of employment or pay for almost twenty years of service, a good record for a policeman.

7. As for his "*occupation as a law enforcement officer*," we do not dispute that fact, but reject that this is somehow a factor for dangerousness, lest this be a new standard that all law enforcement officers are inherently dangerous persons.

8. As for his "*background in handling weapons*" we cannot dispute that a police

officer handles weapons, but that is part of his issued equipment in a legitimate trade. We would agree that a person possessing an unregistered weapon could be considered dangerous; but possession of a gun (legal possession) alone should not constitute clear and convincing evidence of danger, <u>United States</u> v. <u>Jeffries,</u> 679 F. Supp. 1114 (M.D. Ga. 1988).

9. No dangerousness should be inferred from the lawful possession of a gun by a law enforcement officer as opposed to a defendant with prior criminal record for gun illegal possession.

10. As to "*video evidence of defendant carrying firearm during drug transaction";* that in itself is not clear and convincing evidence of dangerousness given the fact that under Puerto Rico law, a state policeman is on duty 24 hours a day and is under the obligation to carry his official weapon at all times.

11. We proffer that defendant was not told he would participate in a drug transaction, nor was he told he was going to protect a drug transaction. Rather, he was tricked into believing he was going to work as security in a legitimate part-time job. In representations prior to the making of the video, no mention was made of drugs or any illegitimate transactions. Defendant participated in only one incident, even though he received numerous calls from informants requesting him to participate in a second incident.

12. Furthermore, we proffer that defendant only showed his weapon during a part of the video because the government agents required and insisted verbally to show it (in front of the cameras) as a requisite condition for their security job.

13. As to the " *strength of evidence against defendant* ", we believe that is probably

the least significant factor, given we were shown edited versions of a video; we have no knowledge as to what transpired before the video; we have no knowledge what happened after the video stopped; we have not cross examined the government witnesses; the presumption of innocence is still valid; the defense has had no opportunity to investigate the case; and at this point we do not have an obligation to accept the Prosecution's characterization of their own case when the adversarial process has not begun.

14. The nature of the offense itself does not establish by clear and convincing evidence that the defendant is a danger to the community. Dangerousness has been shown by clear and convincing evidence when, for example, defendant has been convicted in the past of violent offenses ; when defendant has possessed an illegal firearm during his arrest; if defendant made a threat to a witness; if there is a record of a large scale organization that continues to operate while defendant awaits trial. None of these situations is present in this case.

15. The Bail Reform Act requires the Court to impose the least restrictive conditions of release, 18 USC sec. 3142 ( c ) and dangerousness must be decided on the basis of information available at the bail hearing.

*16.* The danger of recidivism or a prediction of future violence is probably not the type of danger to the community which will support detention. *United States  v. Himler,* 797 F. 2d 789 (3d Cir. 1986).

17. Clear and convincing evidence means proof that the particular defendant actually poses a danger to the community, not that the defendant in theory poses a danger. United States v. Patriarca, 948 F.2d  789 (1st Cir. 1991).

18. *In our society, liberty is the norm and detention prior to trial is the carefully limited exception, and detention is only warranted for those who, after an adversary hearing, pose a threat to the safety of individuals or the community which no conditions of release can dispel. <u>United States</u> v. <u>Salerno,</u> 481 U.S. 739 (1987).*
19. *Defendants' family members are willing to be third party custodians and are willing to post cash and real property to secure his release. Defendant is willing to accept home detention, electronic monitoring and a condition he search for employment or that he study.*
20. We proffer that defendant be released under the following set of conditions: Secured bond cash or real estate in the amount of $30,000.00; home detention with electronic monitoring allowing for work , legal and medical visits; all other standard conditions of release the Court deems appropriate to impose.

WHEREFORE, Raúl Vega- Sosa requests this Court to take notice of our situation and grants bails with conditions.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this the 5th day of November, 2010.

**S/ MICHAEL S. CORONA-MUÑOZ**
**USDC NO. 202505**
**PMB # 303**
**405 AVE. ESMERALDA, STE. 2**
**GUAYNABO, PR 00969**
**TEL. (787) 281-6215; 691-9325**
**FAX (787) 760-7389**
**liccorona@msn.com**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this date November 5, 2010, a true and correct copy of this motion was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: AUSA Jacqueline Novas, Esq. at her electronic address and that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none known.

**S/ MICHAEL S. CORONA-MUÑOZ**