UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CRIM. NO. 10-355(DRD) |
| Plaintiff, | * | |
| v. | * | |
| RAUL VEGA SOSA, | * | |
| Defendant. | * | |

**OPINION AND ORDER**

BACKGROUND

The defendant, RAUL VEGA SOSA, hereinafter referred to as "Vega-Sosa," has requested the court to revisit the detention determination of the Magistrate Judge Bruce MacGiverin, entered on October 21, 2010, Docket No. 46 denying the defendant's Request for Bail. The de novo request, was filed on December 6, 2010, (Docket 101). The court held a hearing on January 3, 2011, (Docket No. 121).

The court is required to perform a de novo review of the contested Detention Order. United States v. Tortora, 922 F.2d 880, 883 n. 4 (1st Cir. 1990).[1]

RAUL VEGA-SOSA [8]

The co-defendant is charged with two drug counts together with co-defendants

---

[1] The court also notes the illustrated opinion of District Judge Keeton in United States v. Philiphs, 732 F. Supp. 255, 2548-259 (D. Mass 1990), requiring "the court to exercise independent consideration of all facts properly before it."

1

Alberto de la Rosa Reyes [1], Luis Roman Herrera [3] and Francisco Riestra Natal [9]. The first drug violation involves a conspiracy to possess with intent to distribute in excess of five kilograms of cocaine a Schedule II Controlled Substance in violation of 21 U.S.C. 841, 846(a)(1) & (b)(1)(A)(ii)(II), Count Twenty-five. The Second Count involves the same individuals stated above acting together with co-defendant Vega-Sosa, this time charged with a substantive count that is the attempt to possess with intent to distribute, in aiding and abetting form, in excess of five kilos of cocaine, in violation of 21 U.S.C. 846(a)(1) & (b)(1)(A)(ii)(II) and 18 U.S.C. 2. The cocaine was sham cocaine in both counts. The co-defendant is also charged in Count Twenty-nine with a possessing of a weapon in furtherance of a drug trafficking crime, the attempt to possess in excess of five kilograms of cocaine to distribute and a conspiracy to possess in excess of five kilos of cocaine to distribute as narrated at Counts Twenty-five and Twenty-Six, all in violation of 18 U.S.C. §924( c)(1)(A). The two drug counts carry a minimum sentence of a ten years to a maximum of life. The weapon charge mandates a five year consecutive sentence.

The Magistrate Judge denied bail, Docket 46, as the defendants had failed to override the rebuttal presumption of detention created by any drug crime carrying a sentence of over ten years, and the defendants represented a danger to the community. 18 U.S.C. 3142(f)(1)( c) and (e). Further the Magistrate Judge found as an alternate finding that the defendant constituted a danger to the community.

THE STANDARD

The Bail Reform Act of 1984, 18 U.S.C. 3141 et seq. at § 3142(f)(1)(c) and (e), sets forth a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the accused as required and the safety of the community if there is probable cause established via an indictment that the person committed an offense for which the term of imprisonment of ten or more years is

2

prescribed under the Controlled Substance Act, 21 U.S.C. 801. United Sates v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. O'Brien, 895 F.2d 810, 814-815 (1st Cir. 1990). In the instant case the presumption has been triggered by the two drug related counts involving in excess of five kilos of cocaine mandating a minimum sentence of ten or more years. 18 U.S.C. 3142(f)(1)( C). The case is further aggravated by the weapons charge against the defendant, a former state policeman at the time of the offense, wherein Vega-Sosa is charged with possessing a weapon in furtherance of the two drug crimes narrated above. Hence defendant is facing a minimum sentence of fifteen years.

The presumption has a "significant practical effect." United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).[2] The presumption does not shift the burden of persuasion to the defendant, because the government retains the burden throughout. The defendant, however, once the presumption is triggered, is required to carry the burden of production. United States v. Jessup, 757 F.2d 380-384.

The presumption created is that ". . . it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten or more years is prescribed in the Controlled Substances Act, (21 U.S.C. 801 et seq.)" 18 U.S.C. 3142(e). The presumption created is therefore of "flight risk" and "danger" to the community. Jessup, 757 F.2d at 381.

Once the presumption is triggered, the defendant is required to produce "conflicting

---

[2] In United States v. O'Brien, 895 F.2d at 814, the court abrogated Jessup as to the standard of appellate review. The First Circuit in O'Brien adopted the appellate standard of review enunciated in United States v. Bayko, 774 F. 2d 516, 520 (1st Cir. 1985), "an independent review...tempered by deference to the district court's firsthand judgment of the situation" rather than the clearly erroneous or other highly deferential standard utilized in Jessup, 757 F. 2d at 387-388, United States v. Fortna, 769 F. 2d 243, 250 (5th Cir. 1985), United States v. Chimurenga, 760 F. 2d 400, 405 (2d. Cir. 1985), and United States v. Williams, 753 F. 2d 329, 333 (4th Cir. 1985). O'Brien, however, reiterates and follows the standard of burden shifting, rebuttable presumption and of preponderance of the evidence of Jessup stated herein applicable for bail determinations at District Court level, 895 F. 2d at 815.

3

evidence" to undercut the legislative purpose of the presumption. United States v. Jessup, 753 F.2d 383. The defendant is required to produce "some evidence" to the contrary. United States v. O'Brien, 895 F.2d at 815. However, it is not merely any evidence that surpasses the rebuttable presumption since the "bursting bubble theory" was expressly rejected by then Chief of the First Circuit, now Supreme Court Justice, Steven Bryer, at United States v. Jessup, 757 F.2d at 382-383. The "intermediate position" adopted in Jessup requires defendant to produce "conflicting evidence" as to "danger" and "flight"[3] and then the court "determine[s] on which side the evidence preponderates." United States v. Jessup, 757 F.2d at 383 citing Wright v. State Accident Insurance Fund, 289 Or. 323, 613 P.2d 755,759-60 (1985).

Trial District Judges were reminded in United States v. Jessup, 757 F.2d at 384, that Congress in establishing the presumption found that "flight to avoid prosecution is particularly high among persons charged with major drug offenses." Senate Judiciary Report #225, 98th Congress 1984 p. 20, 1984 U.S. Code Cong. & Admin. News, p. 23, and further that "drug traffickers often have established ties outside the United States . . . [and] have both the resources and foreign contacts to escape to other countries." [Id].

The court in United States v. Jessup, Id., stated the following as to the method of "rebutting the presumption": "In order to 'rebut' the presumption, the defendant must produce "conflicting" evidence to undercut the legislative purpose of the presumption, Jessup, Id. ; the magistrate or judge should then still keep in mind the fact that Congress has found that [drug] offenders, as a general rule, pose special risks of flight." Even after a defendant has produced evidence to rebut the presumption [as to both danger to the community and risk of flight],"the presumption does not disappear, but rather retains evidentiary weight - the amount depending on how closely defendants' case resembles the

---

[3] Jessup 757. F. 2d at 383 citing the theory of Hecht and Pinzler, Rebutting Presumptions: Order Out of Chaos, 58 B.U.L. Rev. 527 (1978); Jessup (Id.) states that "the House of Judiciary adopted this sort of 'intermediate position'... ."

4

Congressional paradigm, Jessup, 757 F.2d at 387 - to be considered with other relevant factors." United States v. Palmer-Contreras, 835 F.2d 15, 17 (1st Cir. 1987).

Finally, in making its final determination after receiving the rebuttal pursuant to §3142 (g), the judicial officer must consider among other statutory factors "the nature and circumstance of the offense," "weight of the evidence," "history and characteristics of the person including . . . character, physical and mental condition, family history . . . past conduct" and the "danger posed to the community" by his release. United States v. Jessup, Id.

At the de novo hearing both parties proceeded via a proffer as is authorized under the case of United States v. Acevedo-Ramos, 755 F.2d 203, 208 (1st Cir. 1985)(court authorizing proceedings in bail hearings via proffer citing, The House Judiciary Committee H.R. No. 907, 91st Congress 2nd Session 182, 184 (1979)).

As stated before, the instant case is governed by the presumption of detention set forth under the Bail Reform Act based on a narcotic related indictment (involving cocaine in the amount of five kilograms or more on both counts). The court must, therefore, analyze the statutory factors required under the law. The court proceeds in **seriatim** fashion to examine the statutory criteria at 18 U.S.C.3142(g)(1),(2),(3),(4).

1. The Nature and Circumstances of the Offense. Defendant Vega-Sosa is charged in a conspiracy together with three other policemen to possess with intent to distribute in excess of five kilos of cocaine in violation to 21 U.S.C. 841, 846(a)(1) & (b)(1)(A)(ii)(II) and with a substantive count to attempt to possess and thereafter attempt to distribute in excess of five kilos of cocaine, in aiding and abetting form with other co-conspirators in violation of 21 U.S.C. 846 and 846(a)(1) & (b)(1)(A)(ii)(II) and 18 U.S.C. 2.

Vega-Sosa is further charged with a weapons count, Count Twenty-seven, with possessing a firearm in furtherance of a drug trafficking crime, the conspiracy as to possession of cocaine to distribute and the substantive attempt to possess with intent to

5

distribute cocaine all in violation of 18 U.S.C. 924( C)(2). Each count related to drug crimes carries a statutory minimum of ten years to life and the weapons count a mandatory fixed consecutive sentence of five years. The defendant is thus facing a minimum of fifteen years.

This criteria, taken by itself, favors detention, although the court must examine all statutory requirements and then decide on which side the preponderance of the evidence lays to determine detention or bail.

2. <u>The Weight of the Evidence.</u>  The weight of the evidence is strong. Co-defendant Vega-Sosa participated together with three other policemen of Puerto Rico in providing protection for a cocaine thirteen (13) kilo transaction. He participated together with state policemen Alberto de la Rosa Reyes [1] and with Municipal Police officers, Luis Roman Herrera [3] and Francisco Riestra Natal [9]. The violation of law appears in a video tape and there are also audio tapes corroborating the testimony of the confidential source[s]. Co-defendant Vega-Sosa is seen armed and proceeds to frisk the person who arrives as a potential buyer.[4] The drug is then brought into the area of the transaction by co-defendant Alberto de la Rosa. The drug transaction can be clearly seen co-defendant Vega-Sosa who is only a few feet away. Since the time the potential buyer is frisked until he departs the transaction barely last two to three minutes. Immediately after the purchaser leaves the payment of the money being distributed to the policemen, is then observed in the video tape. The co-defendant receives $1,200.00 for a two minute drug transaction from arrival of buyer to departure. The disbursal of the money to all participating policemen takes about three minutes.

Co-defendant Vega-Sosa alleges he never was advised that the transaction was designed to be an illegal narcotic transaction. However, several factors militate against the defendant's contention. First, it is Vega-Sosa who frisks the potential buyer. Second, the

---

[4] Counsel Michael Corona accepts that the defendant is armed.

6

court examined the video tape and did not see a face of surprised nor any change in face expression in Vega-Sosa during the transaction. Third, the co-defendant did not at any time attempt to extract himself from the illegal transaction as it developed nor attempt to stop the same nor indicate any statement protesting as to the obvious illegal transaction of thirteen kilos of cocaine being counted in front of him. Further, between the time the transaction took place in early September and his arrest in early October 2010, he never attempted to arrest or inform the authorities as to the illegality of the transaction. The circumstantial evidence is strong against a veteran policeman of over eighteen years of service.

      This criteria standing alone favors detention.

      3. <u>The history and characteristics of the accused.</u>  Pursuant to the Presentence Report the defendant was born on November 30, 1957 in New York, N.Y.  He fathered a twenty-nine year daughter, Eiliana and a son Emanuel, product of a ten year marriage to defendant's former wife Ms. Sonia Poseden. He worked in a shoe factory, Panamá Shoe Factory from 1987 to 1990 in Aguadilla earning minimum wage.

      He began working in the Puerto Rico Police Department on June 15, 1992. He does not have any significant disciplinary measure. He proffered without opposition that he has an excellent history of appearances in court (there is no record of disciplinary measures otherwise); he further does not have any criminal record. No psychological, no mental problems were noted by the Pre-Sentence investigation. He has no history of drug addiction or treatment. He tested negative to drugs. He has lived at the same address for twelve years. He has a consensual relationship with Ms. Rosa Casablanca. He lives with her in Arecibo. No children have been born from this relationship. Vega-Sosa proffered to have diligently filed income tax returns. He no longer has a weapon as he no longer works as a policeman resulting from the arrest in the instant case. He is proffered by counsel to have strong ties in Vega Baja but is a resident of Arecibo for twelve years. He has offered $140,000.00 based on two properties provided by his brother-in-law, Angel Casablanca,

and from his consensual wife, Ms. Casablanca. Both properties yield $70,000.00 each. Ms. Casablanca has been proposed as third party custodian.[5]

This factor standing alone favors bail although it must be countervailed by the remaining three additional factors set forth above.

4. <u>The nature and gravity of the danger posed by the person's release</u>. Drug trafficking standing by itself constitutes a "danger" to society, "it is clear that [harm] to society caused by narcotic trafficking is encompassed within Congress' definition of danger [to the community]." <u>United States v. De León,</u> 766 F.2d 77, 81 (2nd Cir. 1985). This finding is critical since the defendant was found to be dealing in a drug trafficking activity as a protector of the drugs by using his service weapon. Hence, the danger to the community has been activated by not only the drug dealing in large quantities but by Vega-Sosa being armed during the drug transaction protecting a seller in a sham drug transaction.

Although the court is of the opinion that the defendant is not a flight risk as said danger is based on contracts with outside drug dealers, and there are no outside drug dealers in this case. Notwithstanding, the defendant comes very close to constituting a flight risk. He is 52 years old, is facing fifteen years minimum sentence and the case is strong against him all raising the specter that a large part of his remaining life will be in custody; thus he becomes a potential flight risk.

This particular criteria highly points to detention based on the danger to the community.

ANALYSIS

In the instant case the court must determine, after examining all the criteria, on what

---

[5] The court is reluctant to authorize a consensual wife as third party custodian. She is simply not a third party and is not a person that should be authorized nor can provide the defendant the necessary custodial discipline as a neutral third party.

8

side the evidence preponderates after examining the required criteria set forth under the law, 18 U.S.C. 3142(g)(1)(2)(3)(4). United States v. Jessup, 757 F.2d 383. The matter is not close. Detention is inevitably warranted. The court briefly explains.

Defendant mainly relies on his personal characteristics which are totally overshadowed by the seriousness of the crime, a policeman participating in a drug transaction using a weapon to protect a drug seller receiving a large money payment. Further, the weight of the evidence is strong. Further, the jury could very well reject defendant's theory that he did not know the transaction was to be one of narc trafficking as the defendant could have acted appropriately by later arresting the individuals involved or at least advising the authorities.

The court notes that some circuits have held that this criteria is the least weighty as a bail hearing is not the trial on the merits. United States v. Gebro, 948 F. 2d 1118, 1121 (9th Cir. 1991) (bail is not a "pretrial determination of guilt"). However, it is nevertheless a criteria under the law. Defendant further is clearly on the side of danger to the community as he not only is dealing in a large drug transaction but also uses a weapon as a policeman to protect a drug dealers.

Further, defendant not only has shown his proclivity to violate a law activating the presumption of danger, 18 U.S.C. 3142(f)(1)( C) and (e), but also comes dangerously close to being a flight risk. The court explains.

The United States presents a strong case, defendant Vega-Sosa is facing a minimum of ten years for the drug violation it may be higher considering the actual drug amount. Further, the defendant is facing a consecutive fixed sentence of five years for the 18 U.S.C. 924( c)(2) weapon charge. He is further 52 years old facing at least a fifteen year sentence meaning that he may decide to flee. United States v. Costiello, 878 F. 2d 554 (1st Cir. 1989). Finally, the defendant is a policeman who has violated his oath as he violated the law and engage in narc trafficking. His word to follow bail conditions is seriously compromised. He could very well use his skills in defensive and offensive tactics as well as his expertise in using weapons by continuing dealing in drug transactions.

The court understands that the criteria of "danger to the community" has been satisfied by "clear and convincing evidence" as required under United States v. Salerno, 431 U.S. 739, 750 (1987).

9

The Detention Order of Hon. Magistrate Judge Bruce McGiverin, Docket No. 46, is, therefore,  **AFFIRMED. Co-defendant Raúl Vega-Sosa is to remain DETAINED.**

**IT IS SO ORDERED.**

At San Juan, Puerto Rico, this 24th  day of February 2010.

                                                s/Daniel R. Domínguez
                                                **DANIEL R.DOMINGUEZ**
                                                **U.S. DISTRICT JUDGE**